Slip Op. 21-58

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CALGON CARBON CORPORATION AND CABOT NORIT AMERICAS, INC., <br><br>　　　　　　Plaintiffs, <br><br>　and <br><br>CARBON ACTIVATED TIANJIN CO., LTD. AND CARBON ACTIVATED CORPORATION, ET AL., <br><br>　　　　　　Consolidated Plaintiffs, <br><br>　v. <br><br>UNITED STATES, <br><br>　　　　　　Defendant, <br><br>　and <br><br>CARBON ACTIVATED TIANJIN CO., LTD. AND CARBON ACTIVATED CORPORATION, ET AL., <br><br>　　　　　　Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge <br> Consol. Court No. 18-00232 |

**OPINION**

[Sustaining the second remand redetermination in the tenth administrative review of the antidumping duty order on certain activated carbon from the People's Republic of China.]

　　　　　　　　　　　　　　　　　　　　　　　　　　Dated: May 11, 2021

David A. Hartquist, R. Alan Luberda, John M. Herrmann, II, and Melissa M. Brewer, Kelley Drye & Warren LLP, of Washington, DC, for Plaintiffs/Defendant-Intervenors Calgon Carbon Corp. and Cabot Norit Americas, Inc.

Francis J. Sailer, Dharmendra N. Choudhary, and Jordan C. Khan, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of Washington, DC, for Consolidated Plaintiffs/ Defendant-Intervenors Carbon Activated Tianjin Co., Ltd., Carbon Activated Corporation, Datong Juqiang Activated Carbon Co., Ltd., and Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd.

Antonia R. Soares, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. Of counsel was Ayat Mujais, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

　　　Barnett, Chief Judge: This matter is before the court following the U.S. Department of Commerce's ("Commerce" or "the agency") redetermination pursuant to court remand in the tenth administrative review ("AR10") of the antidumping duty order on certain activated carbon from the People's Republic of China for the period of review April 1, 2016, through March 31, 2017. *See* Final Results of [Second] Redetermination Pursuant to Court Remand ("Second Remand Results"), ECF No. 87-1; *see generally* Final Results of [First] Redetermination Pursuant to Court Remand ("First Remand Results"), ECF No. 75-1; *Certain Activated Carbon From the People's Republic of China*, 83 Fed. Reg. 53,214 (Dep't Commerce Oct. 22, 2018) (final results of antidumping duty admin. review; 2016–2017), ECF No. 29-4, and accompanying Issues and Decision Mem., A-570-904 (Oct. 16, 2018), ECF No. 29-5, as amended by *Certain Activated Carbon From the People's Republic of China*, 83 Fed. Reg. 58,229 (Dep't Commerce Nov. 19, 2018) (am. final results of antidumping duty admin. review; 2016– 2017). The court has issued two opinions resolving substantive issued raised in this case; familiarity with those opinions is presumed. *See Calgon Carbon Corp. v. United*

States ("*Calgon (AR10) II*"), 44 CIT \_\_\_, 487 F. Supp. 3d 1359 (2020); *Calgon Carbon Corp. v. United States* ("*Calgon (AR10) I*"), 44 CIT \_\_\_, 443 F. Supp. 3d 1334 (2020).

In *Calgon (AR10) I*, and relevant to this discussion, the court remanded Commerce's selection of Thai[1] import data under Harmonized Tariff Schedule ("HTS") subheading 4402.90.1000 (coconut charcoal) to value carbonized material—an input Respondents[2] consumed in producing the subject merchandise. *Calgon (AR10) I*, 443 F. Supp. 3d at 1349–50; *see also Calgon (AR10) II*, 487 F. Supp. 3d at 1362. The Thai data included import quantities from, among other countries, France and Japan. *See Calgon (AR10) I*, 443 F. Supp. 3d at 1348. Monthly French import quantities did not cover the entire period of review, *id.* at 1348–49, but only May 2016 to January 2017, *Calgon (AR10) II*, 487 F. Supp. 3d at 1363. Commerce acknowledged that evidence indicated that French imports during some months were wood-based charcoal, which contradicted the agency's finding that the record lacked information "that French imports under HTS 4402.90.1000 were indeed wood-based charcoal." *Calgon (AR10) I*, 443 F. Supp. 3d at 1349 (citation omitted). Moreover, the average unit value ("AUV") of the French imports was twice that of the remaining Thai import data. *Id.* at 1350. The court noted that in the eighth and ninth administrative reviews ("AR8" and "AR9," respectively), Commerce excluded French imports based on similar evidence that the

---

[1] "Commerce selected Thailand as the primary surrogate country." *Calgon (AR10) I*, 443 F. Supp. 3d at 1343 n.9.
[2] The court refers to the Consolidated Plaintiffs that participated in proceedings for the Second Remand Results—Carbon Activated Tianjin Co. Ltd. and Datong Juqiang Activated Carbon Co., Ltd. ("DJAC")—as "Respondents." *See* Second Remand Results at 2 n.8.

Consol. Court No. 18-00232 Page 4

imports consisted of wood-based charcoal.  *See id.* at 1350 n.26.  Commerce failed to adequately address evidence detracting from its decision to rely on the French import data or explain why French imports in this review should be treated differently than in AR8 and AR9.  *Id.* at 1349–50 & n.26.  Commerce also failed to adequately explain its refusal to exclude Japanese imports, which were based on a small quantity and had an AUV almost 30 times higher than the rest of the Thai import data.  *Id.* at 1350.  Accordingly, the court remanded Commerce's selection of data to value carbonized material.  *See id.*[3]

In the First Remand Results, Commerce excluded Japanese imports from the Thai import data, First Remand Results at 5–7, 22, but continued to include French imports, *id.* at 3–5, 17–22.

In *Calgon (AR10) II*, the court sustained Commerce's exclusion of the Japanese imports.  487 F. Supp. 3d at 1362.  However, the court remanded Commerce's inclusion of the French imports.  *See id.* at 1365–66.  The court explained that:

> Commerce acknowledged that the May, July, and August 2016 import quantities (i.e., quantities classified as coconut charcoal upon importation) were, in fact, wood-based charcoal.  In so doing, Commerce's finding aligned with its findings in AR8 and AR9 that all Thai imports from France during the relevant periods consisted of wood-based charcoal, notwithstanding their classification as coconut-based charcoal.

---

[3] The court also remanded adjustments Commerce made to the surrogate financial statements.  *See Calgon (AR10) I*, 443 F. Supp. 3d at 1353–54.  Commerce explained the adjustments in the First Remand Results, and the court sustained those adjustments.  *See Calgon (AR10) II*, 487 F. Supp. 3d at 1362.

*Id.* at 1365 (citations omitted).  The court found that "Commerce did not identify evidence indicating that any quantity imported during any subsequent month was something other than wood-based charcoal."  *Id.*  The court concluded that "Commerce failed its statutory directive to support its decision that the Thai data inclusive of French imports was the 'best available information' with which to value carbonized material with substantial evidence."  *Id.* at 1366 (citation omitted).

In the Second Remand Results, Commerce, under respectful protest,[4] excluded French imports from the Thai data.  *See* Second Remand Results at 9–10.  Commerce explained that its decision "is limited to the circumstances" of this case.  *Id.* at 9.  The "circumstances" Commerce referred to consisted of the court's finding that the agency's assessment of French imports in AR8 and AR9 combined with similar evidence on the record of AR10 gave rise to a reasonable inference that the French imports in AR10 were wood-based charcoal in the absence of evidence rebutting that inference.  *Id.* (discussing *Calgon (AR10) II*, 487 F. Supp. 3d at 1366); *see also id.* at 17–18.

### JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to subsection 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018), and 28 U.S.C. § 1581(c) (2018).  The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law.  19 U.S.C. § 1516a(b)(1)(B)(i).  "The results of a redetermination pursuant to court remand are also

---

[4] By making the determination under protest, Commerce preserves its right to appeal.  *See Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003).

Consol. Court No. 18-00232                                                                Page 6

reviewed for compliance with the court's remand order." *SolarWorld Ams., Inc. v. United States*, 41 CIT ___, ___, 273 F. Supp. 3d 1314, 1317 (2017) (citation omitted).

### DISCUSSION

Respondents submitted comments during the remand proceedings that, in relevant part, supported Commerce's exclusion of French imports from the Thai data used to value carbonized material. Second Remand Results at 10.[5] No party filed comments with the court, and thus, Commerce's redetermination is uncontested.

Commerce's valuation of carbonized material complies with the court's order in *Calgon (AR10) II* by selecting Thai import data under HTS subheading 4402.90.1000, exclusive of French imports, to value Respondents' carbonized material. *See id.* at 10.

### CONCLUSION

There being no challenges to the Second Remand Results, and those results being otherwise lawful and supported by substantial evidence, the court will sustain Commerce's Second Remand Results. Judgment will enter accordingly.

                                                                       /s/     Mark A. Barnett
                                                            Mark A. Barnett, Chief Judge

Dated: May 11, 2021
      New York, New York

---

[5] Respondents disputed "Commerce's intention to limit its determination [to exclude the French imports] to the unique set of facts underlying this proceeding." Second Remand Results at 10–11. Commerce also corrected minor errors in DJAC's margin program as Respondents requested. *See id.* at 18. No party challenges these determinations before the court.